**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS PENSION FUND; INDIANA STATE COUNCIL OF CARPENTERS PENSION FUND; INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PENSION FUND; INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND; INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS JOINT APPRENTICESHIP AND TRAINING FUND; and CENTRAL MIDWEST REGIONAL COUNCIL OF CARPENTERS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No.: 1:24-cv-00083 |
| TMC CONTRACTORS, INC., an Indiana corporation, and KEVIN THOMAS, an individual, | ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COME the Plaintiffs, the INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS PENSION FUND; the INDIANA STATE COUNCIL OF CARPENTERS PENSION FUND, the INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PENSION FUND, the INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, the INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS JOINT APPRENTICESHIP AND TRAINING FUND, ("collectively, the "Trust Funds") and the

CENTRAL MIDWEST REGIONAL COUNCIL OF CARPENTERS[1] ("Union"), (the Trust Funds and Union collectively referred to as "Plaintiffs"), by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendants TMC CONTRACTORS, INC. ("TMC Contractors") and KEVIN THOMAS ("Thomas") (collectively, "Defendants"), and in support, allege as follows:

## JURISDICTION AND VENUE

1.    Counts I and II of this action arise under Section 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act. (20 U.S.C. § 185). The Court has jurisdiction over the subject matter of the action pursuant to 29 U.S.C. §§ 1132(e)(1) and 1145, as well as 28 U.S.C. § 1331.

2.    Count III of this action alleges common law tortious conversion against the individual Defendants. The Court has supplemental jurisdiction over the subject matter of Count III pursuant to 28 U.S.C. § 1367.

3.    Count IV of this action arises under Ind. Code § 34-24-3-1 ("Indiana's Civil Conversion Statute") and alleges civil conversion against the individual Defendant. The Court has supplemental jurisdiction over the subject matter of Count IV pursuant to 28 U.S.C. § 1367.

4.    Venue is proper in this Court pursuant to 29 U.S.C. & 1132(e)(2) in that the Trust Funds are administered, among other places, within the jurisdiction of the United States District Court, Southern District of Indiana, Indianapolis Division and a substantial portion of the events or omissions giving rise to Plaintiffs' claims occurred within the jurisdiction of the United States District Court, Southern District of Indiana, Indianapolis Division.

## PARTIES

---

[1] The Central Midwest Regional Council of Carpenters was previously named the Indiana/Kentucky/Ohio Regional Council of Carpenters.

5. The Trust Funds receive contributions from numerous employers pursuant to collective bargaining agreements ("CBAs"), and therefore, are multiemployer benefit plans as defined by 29 U.S.C. § 1002(37).

6. The Trust Funds were established and are administered pursuant to the terms and provisions of certain Agreements and Declarations of Trust ("Trust Agreements").

7. Pursuant to Sections 502(a)(3) and 515 of ERISA (29 U.S.C. §§ 1132 and 1145), the Trust Funds are authorized to bring this action on behalf of their participants and beneficiaries for the purpose of collecting unpaid contributions.

8. The Union is a labor organization whose duly authorized officers or agents are engaged in representing or acting for employee members within this judicial district.

9. The Union is the bargaining representative of TMC Contractors' bargaining unit employees ("covered employees").

10. Defendant TMC Contractors is an Indiana corporation with its principal place of business in Gary, Indiana.

11. Defendant Thomas is an individual with his principal residence in Gary, Indiana.

## FACTS COMMON TO ALL COUNTS

12. TMC Contractors is an employer engaged in an industry affecting commerce.

13. Through a Memorandum of Agreement ("MOA"), TMC Contractors agreed to be bound by the Union's CBAs. (A copy of the MOA is attached as **Exhibit 1**).

14. Through the CBAs, TMC Contractors agreed to be bound by the Trust Funds' Trust Agreements.

15. Pursuant to the provisions of the CBAs and Trust Agreements, TMC Contractors is required to make monthly reports of the number of hours worked by its covered employees

("monthly remittance reports") and pay contributions to the Trust Funds and wage deductions to the Union on or before the twentieth (20th) day following the month in which the work is performed (hereinafter referred to as "due date").

**COUNT I**
**BREACH OF CONTRACT – CONTRIBUTION REPORTS AND PAYMENTS**

16.     Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-15 of this Complaint with the same force and effect as if fully set forth herein.

17.     Pursuant to the power granted to them through the Trust Agreements, the Trustees of the Trust Funds adopted a Collections and Payroll Audit Policy ("Collections/Audit Policy") which governs the collection of delinquent employer contributions and the performance of payroll compliance audits.

18.     Pursuant to Section 502(g)(2) of ERISA, the Collections/Audit Policy, and the Trust Agreements, employers who fail to submit their monthly remittance reports and remit contributions to the Trust Funds are responsible for the payment of liquidated damages, interest, and attorneys' fees and costs associated with the collection of the delinquent contributions.

19.     Defendant TMC Contractors breached the agreements identified in Paragraphs 13 and 14 by failing to submit its monthly remittance reports for the period of January 2014 through November 2023.

20.     Due to its failure to submit its monthly remittance reports for the period of January 2014 through November 2023, Defendant TMC Contractors owes Plaintiffs unpaid contributions, wage deductions, interest, and liquidated damages in an unknown amount.

21.     Despite Plaintiffs' requests, Defendant TMC Contractors has failed to submit the monthly remittance reports and pay the monies due pursuant to the CBAs.

22. Defendant TMC Contractors has a continuing obligation to submit contribution reports and pay contributions and wage deductions to Plaintiffs and, as a result, additional monies may be owed.

23. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from TMC Contractors.

24. TMC Contractors is obligated to pay the reasonable attorneys' fees and court costs incurred by Plaintiffs pursuant to the CBAs, Trust Agreements, Collections/Audit Policy, and 29 U.S.C. & 1132(g)(2)(D).

**WHEREFORE,** Plaintiffs respectfully request that:

A. Defendant TMC Contractors be ordered to submit all of its outstanding monthly remittance reports, including those for the period of January 2014 through November 2023;

B. Judgment be entered in favor of Plaintiffs and against Defendant TMC Contractors in an unknown amount for all delinquent contributions, wage deductions, interest, and liquidated damages revealed to be due and owing by TMC Contractors' monthly remittance reports;

C. Judgment be entered in favor of Plaintiffs and against Defendant TMC Contractors for any other contributions, wage deductions, liquidated damages, and interest found to be due and owing in addition to those referenced in Paragraph B above;

D. Defendant TMC Contractors be ordered to pay the reasonable attorneys' fees and costs incurred by Plaintiffs pursuant to the CBAs, Trust Agreements, Collections/Audit Policy, and 29 U.S.C. § 1132(g)(2)(D); and

E. Plaintiffs have such other and further relief that the Court may deem just and equitable all at Defendant TMC Contractors' cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

## COUNT II
## BREACH OF CONTRACT - PAYROLL COMPLIANCE AUDIT

25.     Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-24 of this Complaint with the same force and effect as if fully set forth herein.

26.     Pursuant to the CBAs, Trust Agreements, and Collections/Audit Policy, TMC Contractors is required to furnish the Trustees, upon request, with information that the Trust Funds' auditors may require in order to determine the accuracy of the contributions remitted by TMC Contractors.

27.     The Trust Funds sought to audit TMC Contractors pursuant to the CBAs, Trust Agreements, and Collections/Audit Policy.

28.     The Trust Funds' auditors, L.M. Henderson & Company, LLP (hereinafter "the Auditors"), requested information from TMC Contractors for the audit period of January 31, 2014, through present date.

29.     Defendant TMC Contractors has failed to comply with the Auditors' requests to schedule the payroll compliance audit.

30.     Plaintiffs have made repeated demands for TMC Contractors to comply with the Auditors to complete the payroll compliance audit.

31.     Defendant TMC Contractors is obligated to pay whatever contribution and wage deduction deficiencies may be revealed by the payroll compliance audit, along with the resulting liquidated damages, interest, and audit fees.

32.     Plaintiffs have been required to employ the undersigned attorneys to compel TMC Contractors' compliance with the payroll compliance audit.

33.     Defendant TMC Contractors is obligated to pay the reasonable attorneys' fees and court costs incurred by Plaintiffs pursuant to the CBAs, Trust Agreements, Collections/Audit

Policy, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request that:

A.    Defendant TMC Contractors be ordered to produce all records necessary for the Auditors to complete a payroll compliance audit for the period of January 31, 2014, through present;

B.    Judgment be entered in favor of Plaintiffs and against Defendant TMC Contractors in an unknown amount for any and all contributions and wage deductions revealed to be due and owing by the payroll compliance audit, along with the resulting liquidated damages and interest;

C.    Judgment be entered in favor of Plaintiffs and against Defendant TMC Contractors in an unknown amount for any and all audit fees associated with the payroll compliance audit;

D.    Judgment be entered in favor of Plaintiffs and against Defendant TMC Contractors for any other contributions, wage deductions, liquidated damages, and interest found to be due and owing in addition to the amounts referenced in Paragraphs B and C above;

E.    Defendant TMC Contractors be ordered to pay the reasonable attorneys' fees and costs incurred by Plaintiffs pursuant to the CBAs, Trust Agreements, Collections/Audit Policy, and 29 U.S.C. §1132(g)(2)(D); and

F.    Plaintiffs have such other and further relief as the Court may deem just and equitable all at Defendant TMC Contractor's cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

## COUNT III
## COMMON LAW TORTIOUS CONVERSION V. THE INDIVIDUAL DEFENDANT

34.    Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-33 of this Complaint with the same force and effect as if fully set forth herein.

35. The Union is a labor organization whose duly authorized officers or agents are engaged in representing or acting for employee members within this judicial district.

36. At all times material herein, Defendant TMC Contractors has been signatory to an MOA, binding it to the Union's CBAs.

37. The CBAs require Defendant TMC Contractors to make certain wage deductions from its covered employees' paychecks and remit said deductions to the Union's designated depository by the due date.

38. Defendant TMC Contractors made the required deductions from its covered employees' paychecks for the period of January 2014 through November 2023.

39. The wage deductions became the property of the Union, in its representative capacity for TMC Contractors' covered employees, on the due date. Thus, the Union had an immediate, unqualified right to then possess the deductions based on a superior claim of title.

40. At all times material herein, Defendant Thomas has been the sole owner and President of TMC Contractors.

41. In such capacities, Defendant Thomas was responsible for Defendant TMC Contractors' compliance with the obligations and duties set forth in the CBAs, including but not limited to ensuring that: (1) all wages were properly paid; (2) all wage deductions were properly made and withheld; and (3) all wage deductions were timely remitted to the Union's designated depository.

42. In such capacities, Defendant Thomas, intending to interfere with the Union's possession, made the decision not to remit the required deductions for the period of January 2014 through November 2023 to the Union's designated depository by the due date.

43.     The required deductions were not transmitted to the Union's designated depository by the due date but were instead withheld from the Union beyond the due date without authorization.

44.     In such capacities, Defendant Thomas was ultimately responsible for the decision not to remit the deductions.

45.     Defendant Thomas appropriated and exercised dominion over these deductions for his own and/or TMC Contractors' own use and benefit.

46.     Moreover, Defendant Thomas withheld and possessed these deductions under a claim and title inconsistent with the Union's own, in its representative capacity on behalf of TMC Contractors' covered employees.

47.     Defendant Thomas's failure to remit the deductions was done in exclusion, denial, and defiance of the Union's right to use and enjoy said deductions.

48.     As a result of his failure to remit the deductions, Defendant Thomas is personally liable for the monies which should have been remitted to the Union's designated depository.

49.     The Union has made demand for Defendants to remit the deductions; however, Defendants refused.

50.     Defendant Thomas's actions were the legal cause of the Union's loss of the deductions, and the Union has suffered damage by loss of the deductions.

51.     This Court has jurisdiction over this Count pursuant to 28 U.S.C. § 1367.

**WHEREFORE**, Plaintiff Union respectfully requests that:

A.      Judgment be entered in favor of Plaintiff Union and against Defendant Thomas in an unknown amount for all wage deductions owed to Plaintiff Union for the period of January 2014 through November 2023;

B.   Judgment be entered in favor of Plaintiff Union and against Defendant Thomas for any other wage deductions found to be due and owing in addition to those referenced in Paragraph A above;

C.   Defendant Thomas be ordered to pay all statutory post-judgment interest on principal deductions found due by this Order;

D.   Defendant Thomas be ordered to pay Plaintiff Union's attorneys' fees and costs incurred herein; and

E.   Plaintiff Union have such other and further relief as the Court may deem just and equitable all at Defendant Thomas's cost.

## COUNT IV
## CONVERSION: CIVIL CAUSE OF ACTION
## FOR CRIMINAL CONVERSION PURSUANT TO I.C. 34-24-3-1

52.   Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-51 of this Complaint with the same force and effect as if fully set forth herein.

53.   The Union is a labor organization whose duly authorized officers or agents are engaged in representing or acting for employee members within this judicial district.

54.   At all times material herein, Defendant TMC Contractors has been signatory to an MOA, binding it to the Union's CBAs.

55.   The CBAs require Defendant TMC Contractors to make certain wage deductions from its covered employees' paychecks and remit said deductions to the Union's designated depository by the due date.

56.   Defendant TMC Contractors made the required deductions from its covered employees' paychecks for the period of January 2014 through November 2023.

57. The wage deductions became the property of the Union, in its representative capacity for TMC Contractors' covered employees, on the due date. Thus, the Union had an immediate, unqualified right to then possess the deductions based on a superior claim of title.

58. At all times material herein, Defendant Thomas has been the sole owner and President of TMC Contractors.

59. In such capacities, Defendant Thomas, intending to interfere with the Union's possession, made the decision not to remit the required deductions for the period of January 2014 through November 2023 to the Union's designated depository by the due date.

60. The required deductions were not transmitted to the Union's designated depository by the due date but were instead withheld from the Union beyond the due date without authorization.

61. A civil action under the criminal conversion statute is permitted Indiana's Civil Conversion Statute, which provides that:

"If a person has an unpaid claim on a liability that is covered by IC 24- 4.6-5 or suffers a pecuniary loss as a result of a violation of IC 35-43, IC 35-42-3- 3, IC 35-42-3-4, or IC 35-45-9, the person may bring a civil action against the person who caused the loss for the following:

(1) An amount not to exceed three (3) times:

   (A) the actual damages of the person suffering the loss, in the case of a liability that is not covered by IC 24-4.6-5; or . . . .

(2) The costs of the action.

(3) A reasonable attorney's fee. . . .


(7) All other reasonable costs of collection."

Ind. Code § 34-24-3.

62.     Pursuant to Indiana's Civil Conversion Statute, the amounts deducted from the covered employees' paychecks constitute a specific chattel that Defendant TMC Contractors was entrusted to apply for the specific purpose of paying the Union's designated depository on behalf of TMC Contractors' covered employees from whose wages the deductions were taken.

63.     The deliberate and intentional non-payment/withholding and failure to timely remit the wage deductions to the Union's designated depository constitutes a wrongful taking and conversion of the deductions.

64.     In the State of Indiana, "a person who knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion, a Class A misdemeanor." Ind. Code § 35-43-4-3 (a).

65.     Defendant Thomas knew he was required to remit the deductions to the Union's designated depository by the due date, but withheld the deductions beyond the due date without authorization and for his own and/or TMC Contractors' own purpose(s).

66.     Defendant Thomas thereby knowingly and intentionally exerted unauthorized control over the management and disposition of all monies deducted from the paychecks of TMC Contractors' covered employees.

67.     The Union and TMC Contractors' covered employees suffered a pecuniary loss because of Defendant Thomas's violation.

68.     Because the civil conversion statute applies to the amounts owed to the Union in its representative capacity, the Union is entitled to an award under Indiana's Civil Conversion Statute not to exceed three (3) times the actual loss, the costs of this action, and a reasonable attorneys' fee.

69.     This Court has jurisdiction over this Count pursuant to 28 U.S.C. § 1367.

**WHEREFORE,** Plaintiff Union respectfully requests that:

A.     Judgment be entered in favor of Plaintiff Union and against Defendant Thomas in an unknown amount for all wage deductions owed to Plaintiff Union for the period of January 2014 through November 2023;

B.     Judgment be entered in favor of Plaintiff Union and against Defendant Thomas for any other wage deductions that are found to be due and owing in addition to those referenced in Paragraph A above;

C.      Defendant Thomas be order ordered to pay statutory post-judgment interest on principal deductions as found due by this Order;

D.     Defendant Thomas be ordered to pay treble damages for the statutory conversion of the total deductions found due by this Order;

E.     Defendant Thomas be ordered to pay Plaintiff Union's attorneys' fees and costs incurred herein; and

F.     Plaintiff Union have such other and further relief as the Court may deem just and equitable all at Defendant Thomas's cost.

Respectfully submitted,

**INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS PENSION FUND _et al_.**

/s/ Kaelyn M Le-Hue
Kaelyn M Le-Hue (38250-49)
Johnson & Krol, LLC
450 East 96th Street, Suite 500
Indianapolis, Indiana 46240

Phone: (317) 864-3587
Facsimile: (312) 255-0449
lehue@johnsonkrol.com